Per Curiam.

When this cause was originally before this court (Carnes v. Dancy, 171 Ohio St., 421), we were of the opinion, after considering the assignments of error filed by the defendant in the Court of Appeals, that three of the errors found by the Court of Appeals as the basis for its reversal could have been exemplified only by a bill of exceptions. Therefore, if there was no bill of exceptions properly before the Court of Appeals, the plaintiff’s motion in that court to dismiss should have been sustained as to those errors.
*136 On remand to the Court of'Appeals to pass on the propriety of the filing of the bill of exceptions, that court found that the bill had not been properly filed and overruled the exceptions of the defendant based on alleged errors which could.have been exemplified only by a bill of exceptions. The judgment of the Court of Appeals is, therefore, affirmed as to those assigned errors.
It is contended by the defendant here, however, and was so held by the Court of Appeals on our remand to that court, that two of the claimed errors could be shown by the transcript of the docket and journal entries without reference to a bill of exceptions, namely, the refusal of the trial court to order the plaintiff to submit to a blood uric acid test and the refusal of the trial court to allow a continuance of the trial of the case.
The journal entries of the trial court reflect that the motions made by the defendant were heard on the motions only and do not indicate what evidence the trial court had before it in the consideration of those motions. Without a bill of exceptions, it is impossible for us to know what the trial court considered in passing on those motions.
The judgment of the Court of Appeals must, therefore, be reversed as to the last-mentioned claimed errors and that of the Court of Common Pleas affirmed.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Radoliff and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.